Filed 6/12/23 P. v. Washington CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARCUS L. WASHINGTON,<br><br>Defendant and Appellant. | H050045<br>(Santa Clara County<br>Super. Ct. Nos. C1801278, C1903826,<br>C1908543) |

In April 2020, defendant Marcus L. Washington was sentenced to seven years in prison. Two of these years were due to a sentencing enhancement for committing a felony while on bail. Washington contends that this "on bail" enhancement should be vacated because the trial court did not properly consider dismissing it under Penal Code section 1385. (Subsequent undesignated statutory references are to the Penal Code.) The Attorney General argues that Washington forfeited this objection by not properly raising it in the trial court. We agree and, in any event, conclude that the trial court did not abuse its discretion by imposing the "on bail" enhancement. We therefore affirm the judgment.

### I. Background

Between April and July 2019, Washington was charged in Santa Clara County in three separate cases. One case involved drug- and vehicular-related offenses, the second theft- and firearms-related offenses, and the third false impersonation. In connection with

the false impersonation charge, the information alleged that Washington was on bail when he committed the offense, and it sought an "on bail" sentencing enhancement under section 12022.1. In August 2019, Washington pleaded no contest to the charges and admitted the allegations in all three cases, and he was placed on probation for three years.

While on probation, Washington committed additional offenses in both Stanislaus and Santa Clara Counties, for which he was sentenced to a total of 11 years and eight months imprisonment. Afterwards, Washington was transferred to Santa Clara County for sentencing on his 2019 offenses.

In his sentencing memorandum Washington argued that in light of the more than eleven years that he was already serving, the sentences for his 2019 offenses should be made concurrent to his existing sentences. In so doing, Washington cited rule 4.423(b)(2) of the California Rules of Court, which recognizes "a mental or physical condition that significantly reduced culpability for the crime" as a mitigating circumstance. Washington's sentencing memorandum did not mention section 1385 or otherwise ask that the "on bail" enhancement be dismissed.

On April 22, 2022, Washington appeared for sentencing in Santa Clara County. His father, mother, and brother spoke on his behalf and asked that he not be imprisoned for a long time. Arguing that imposing consecutive terms on top of the existing lengthy sentences already received would be excessive, defense counsel similarly asked the court "to impose no additional time."

During the sentencing hearing, defense counsel also briefly referenced the "on bail" enhancement, noting that "the Court could stay punishment on the enhancement, which is an out-on-bail enhancement." The prosecutor objected, asserting that "I don't believe the Court has the authority under [section] 1385 to do so since Defendant has pled to it."

The trial court sentenced Washington to seven years of imprisonment to be served consecutively to his prior sentences. In so doing, the court sentenced Washington two years and eight months for the false impersonation offense, including a two-year "on bail" enhancement. In choosing to impose consecutive sentences, the trial court noted that Washington had committed serious crimes while on probation and was properly characterized as "a career criminal." While acknowledging Washington's drug addiction, the court concluded that "the law tells me to consider the aggravators and the mitigators for sentencing, and they balance out."

Defendant timely filed an appeal.

## II. Discussion

Washington argues that the judgment should be vacated and this case remanded for resentencing because the trial court did not consider whether to dismiss the "on bail" enhancement under section 1385. Under that section, trial courts have the authority to dismiss a sentencing enhancement when "it is in the furtherance of justice to do so" (§ 1385, subd. (c)(1)), and in determining whether dismissal would be in the furtherance of justice trial courts are required to "consider and afford great weight" to evidence of certain enumerated circumstances (§ 1385, subd. (c)(2)). Washington contends that the trial court failed to consider and give great weight to evidence of two circumstances: childhood trauma and mental illness. (§ 1385, subd. (c)(2)(D) & (E).) The Attorney General contends that Washington forfeited this objection by not adequately raising it in the trial court. We agree.

Under section 1385, a defendant "ha[s] the right to 'invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading.' " (*People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).) But "any failure on the part of a defendant to invite the court to dismiss under section 1385 … waives or forfeits his or her right to raise the issue on appeal." (*Id.* at pp. 375-376.)

3

Washington did not invite trial court to dismiss the "on bail" enhancement under section 1385. In his sentencing memorandum, Washington asked the trial court not to impose any new sentence consecutive to his existing sentences, but he did not invoke section 1385 or otherwise ask the trial court to dismiss the "on bail" enhancement. Indeed, Washington's sentencing memorandum does not even mention the enhancement. At the sentencing hearing, Washington's counsel did not mention section 1385 either. Counsel did request that the trial court "stay punishment on the … out-of-bail enhancement," which the prosecutor understood as invoking section 1385. But in making this request Washington's counsel did not mention Senate Bill No. 81 (Reg. Sess. 2021-2022), which had recently added subdivision (c) to section 1385 (Stats. 2021, ch. 721, § 1), or argue that any of Washington's offenses were in connection with mental illness or childhood trauma, as required under the new amendment. (§ 1385, subd. (c)(2)(D) ["The current offense is connected to mental illness."]; *id*., subd. (c)(2)(E) ["The current offense is connected to prior victimization of childhood trauma."].) As a consequence, Washington failed to raise, and therefore forfeited, any argument that the "on bail" enhancement should be dismissed under section 1385 because his offenses were connected to mental illness or childhood trauma. (*Carmony*, *supra*, 33 Cal.4th 367 at pp. 375-376.)

In any event, even if Washington had properly challenged the "on bail" enhancement under section 1385, the trial court's decision to impose punishment for the enhancement did not constitute an abuse of discretion. Section 1385 authorizes trial courts to strike enhancements if "it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1).) In sentencing Washington, the trial court found the opposite: despite considering Washington's arguments about his youth and drug use, the court concluded that "the aggravators and the mitigators … balance out."

4

It is true that section 1385 requires courts to give "great weight" to the presence of the mitigating circumstances the statute enumerates. (§ 1385, subd. (c)(2).) Washington, however, failed to present evidence of such circumstances. While Washington asserted in his sentencing memorandum that he was exposed to "significant physical and emotional abuse in the home," he presented no evidence that he suffered such abuse, much less that his offenses were "connected to prior victimization or childhood trauma." (§ 1385, subd. (c)(2)(E).) Similarly, while Washington asserted that mental illness runs in his family and that he has had "mental health issues," he failed to present evidence of such illness under section 1385. That section defines "mental illness" to mean "a mental disorder as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders." (§ 1385, subd. (c)(5).) Washington presented no evidence of such illness or that his offenses were "connected to mental illness." (§ 1385, subd. (c)(2)(D).) As a consequence, even assuming that defense counsel adequately raised the issue of the "on bail" enhancement at sentencing, the trial court did not abuse its discretion by imposing punishment for the enhancement.

### III. Disposition

The judgment is affirmed.

_____
BROMBERG, J.

WE CONCUR:


_____
GREENWOOD, P.J.



_____
LIE, J.



*People v. Washington*
H050045